No. 444      May 21, 2025      591

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

COLEMAN ORMAND ROBERT HILL,
aka Coleman R. Hill,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR28368; A181147

Ulanda L. Watkins, Judge.

Argued and submitted November 25, 2024.

Emma McDermott, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Christopher A. Perdue, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

LAGESEN, C. J.

Reversed and remanded for resentencing.

_____

\* Lagesen, Chief Judge *vice* Mooney, Judge

**LAGESEN, C. J.**

Appealing a judgment of conviction for unauthorized use of a vehicle, defendant assigns error to the trial court's imposition of a fine in the amount of $2,600, payable to the victim as a compensatory fine under ORS 137.101(1). We reverse and remand for resentencing.

Defendant purchased a car that had been stolen from the victim seven months earlier. At the time he purchased it, the steering column, ignition, and door were damaged. Shortly after purchasing the car, defendant was arrested for using the vehicle without the consent of the owner, ORS 164.135, and later charged and convicted of the same offense. At sentencing, the victim submitted evidence that the repairs for the damage to the car would cost approximately $2,600. The prosecutor declined to pursue restitution for those damages, though, because there was no evidence to support a finding that the damage was attributable to defendant's criminal conduct of unlawfully using the vehicle, given the gap in time between the theft of the vehicle and defendant's purchase of it, as well as the evidence that it was damaged when defendant purchased it. The trial court nonetheless determined *sua sponte* that, even absent the evidence that defendant had caused the damage for which the victim sought repair costs, defendant should nonetheless compensate the victim for that damage. To that end, the court imposed a fine in the amount of $2,600, to be paid to the victim as a compensatory fine under ORS 137.101.

On appeal, defendant assigns error to the imposition of the compensatory fine, contending that the court was not authorized to order compensation to the victim absent evidence that defendant's criminal conduct caused the economic damages for which the victim sought compensation. The state, correctly, concedes the error. *See, e.g.*, *State v. Alonso*, 284 Or App 512, 516, 393 P3d 256 (2017) (discussing statutory prerequisites to impose a compensatory fine); *State v. Kirkland*, 268 Or App 420, 425, 342 P3d 163 (2015) (courts cannot impose compensatory fine for damages not committed by the defendant).

The remaining issue is disposition. Defendant argues that we should reverse with instructions to omit the

compensatory fine. The state argues that we should reverse and remand for resentencing to allow the trial court to consider whether to impose a punitive fine. We agree with the state. Where a trial court erroneously imposes a compensatory fine, and "there may be other permissible options the trial court could adopt on resentencing, the appropriate disposition is to remand to the trial court for resentencing." *State v. Moreno-Hernandez*, 365 Or 175, 190-91, 442 P3d 1092 (2019). Here, the state is correct that the trial court could permissibly impose a punitive fine. The state, in fact, sought a punitive fine in the amount of $560. Because the trial court *sua sponte* decided to impose a fine in excess of that amount based on the victim's claimed damages and then directed that the fine be paid as compensation to the victim, the court never considered the state's position that a $560 punitive fine should be included in defendant's sentence. It is therefore appropriate for us to remand for resentencing for the trial court to make that determination in the first instance.

Defendant argues that the state should not be able to submit additional evidence in support of a compensatory award on remand, pointing to *State v. Mann*, 329 Or App 279, 540 P3d 582 (2023). We agree that, under *Mann*, it would be inappropriate for the trial court to expand the record on remand. But determining whether to impose the punitive fine sought by the state will not require expansion of the record.

Reversed and remanded for resentencing.